**SCHUBER et al. v. McDUFFEE et al.**

No. 7068—Opinion Filed June 27, 1916.

(158 Pac. 895.)

**Abatement and Revival—Appeal and Error—Parties—Death—Revivor.**

Where a judgment creditor dies after an appeal from his judgment is perfected, and subsequent to alleged assignment of his judgment to contesting claimants, both of whom are strangers to the record, and an administrator of his estate has been duly appointed and has qualified as such, the appeal and judgment will not be revived upon the application and in the name of either such assignees over the objection and protest of the plaintiffs in error, who seek a revivor in the name of the administrator, when it does not clearly appear that either the other claimant, as assignee, the plaintiffs in error, or the estate of the deceased would be prejudiced thereby. In such case the appeal and judgment may properly be revived in the name of the administrator, with leave to each person claiming as assignee to interplead and take such steps as may be necessary and proper for the protection of his interests in said judgment.

(Syllabus by Clark, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by G. J. McDuffee against D. S. Schuber and others. Judgment for plaintiff, and defendants D. S. Schuber and another bring error. On death of G. J. McDuffee, proceeding in error and judgment revived in name of administrator.

Ben F. Williams, H. M. Gray, and J. P. Evans, for plaintiffs in error.

Titus & Talbot, for movant Blanchard.

V. L. Knodler, for movant Hill.

Opinion by CLARK, C. The plaintiffs in error are seeking a reversal of a personal judgment rendered against them in favor of one G. J. McDuffee by the district court of Alfalfa county on August 21, 1914. The said G. J. McDuffee died January 18, 1916, and one H. P. McDuffee was thereafter duly appointed.

On February 11, 1916, one M. A. Blanchard asked that the action be revived and that he be substituted as defendant in error, alleging ownership of the judgment by virtue of a deed of assignment thereto executed by the said G. J. McDuffee to him on September 29, 1915.

This motion is resisted by the plaintiffs in error, who allege ignorance as to the execution or validity of such deed of assignment, and say that prior to the date on which it is claimed such instrument was executed the judgment had been assigned to other parties, and notice thereof given to plaintiffs in error, and they ask that the action be revived in the name of the administrator, to whom Blanchard gave due notice of his claims and of his said motion, but the record is silent as to whether the "other parties" referred to in the motion of plaintiffs in error as prior assignees of the judgment, have any knowledge with reference thereto.

Subsequent to the date on which the plaintiffs in error moved to revive the action in the name of the administrator, and on the 19th day of June, 1916, one D. P. Hill filed herein his motion that the action be revived, and that he be substituted as defendant in error in lieu of the deceased, alleging ownership of the judgment by virtue of an assignment to him on September 7, 1915, and prompt notice thereof to the plaintiffs in error.

The record is silent as to whether the administrator himself is claiming this judgment as an asset of the estate. He has, however, manifested no interest in the result of this litigation, and has made no appearance herein; neither has there been a suggestion from any source that an inquiry and judicial determination be had as to the right of either Blanchard or Hill to be substituted as defendants in error.

This proceeding in error was pending in this court before either of these alleged assignments was executed, and, as it does not clearly appear which, if either, claimant succeeded to the rights and interests in the judgment which G. J. McDuffee possessed at the date of its rendition, the action should be revived in the name of the administrator, but the movants, Blanchard and Hill, should each be permitted to interplead and take any proper steps therein which will preserve their respective rights in the subject-matter of this litigation.

By the Court: It is so ordered.